UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20327-CR-KING

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MICHAEL MUZIO,

      Defendant.

_____/

## OPINION AFFIRMING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon Defendant's and the Government's Objections to the Presentence Investigation Report (PSR) (DE #116 & 117). The Court referred the issues to United States Magistrate Judge Ted E. Bandstra for all appropriate judicial proceedings. Judge Bandstra held an extensive evidentiary hearing and has issued a Report and Recommendation (DE #139). Both parties have filed Objections to Judge Bandstra's Report (DE #142 & 143), and the Government has filed a Response to Defendant's Objections (DE #149). After conducting a *de novo* review of the record, including the transcripts of the trial and Judge Bandstra's hearing, the arguments of both parties, and the legal authorities cited therein, the Court determines that the Report contains well-reasoned recommendations. Although the Court agrees with Judge Bandstra's assessment in full, the Court will address the parties' specific objections to the Report.

The Government's first objection to the Report is that Defendant should be given a two-point enhancement for Obstruction of Justice because he was less than truthful in a pretrial hearing. The Court agrees with Judge Bandstra's conclusion that, given the context, the

1

enhancement should not be applied based on his statements to the magistrate regarding whether he had spoken to his lawyer. The Government also argues that the enhancement should be applied based upon Defendant's untruthful statements at trial. After reviewing the trial transcript and relying on the Court's recollection of the trial testimony, the Court does not believe that such an enhancement is warranted. Thus, the Government's objection in this regard is overruled.

The Government's second objection is that the intended loss amount should be $2.5 to $5 million, based upon Defendant's expressions of intent to obtain an equity line in that amount. Judge Bandstra concluded that this amount was too speculative, and recommended utilizing the amount of $631,976.80, as calculated by the probation office. The Court agrees with Judge Bandstra's assessment. Although there was trial testimony (and email exhibits) showing that Defendant had expressed an intent to obtain an equity line based upon the fraudulently inflated value of IBVG shares, there is no evidence which the Court can utilize to reasonably calculate the intended loss amount. The Government is correct in that the intended loss amount does not have to be known with mathematical precision, nor does it have to be possible, or even probable, that the defendant will succeed in achieving the intended loss. However, the Court must have some way of determining the "reasonable mathematical limit of [Defendant's] scheme." *United States v. Patterson*, 595 F.3d 1324, 1327 (11th Cir. 2010). *See also United States v. Grant*, 431 F.3d 760, 762 (11th Cir. 2005) ("Although a district court must not speculate concerning the existence of a fact which would permit a more severe sentence under the guidelines, its reasonable estimate of the intended loss will be upheld on appeal." (quotations and citations omitted)). The cases cited by the Government contained some evidence that provided a reasonable basis to conclude that the defendant had intended a certain amount of loss. *See, e.g., Patterson*, 595 F.3d at 1326 (fair market value of vehicles); *United States v. Dinnall*, 313 Fed.

Appx. 241, 242-43 (11th Cir. 2009) (defendant produced numerous false documents to support a loan application in an attempt to obtain an $800,000 line of credit). Conversely, in the instant case the only evidence relevant to this issue is Defendant's occasional emails and statements that he was going to try and get an equity line in the range of $2.5 to $5 million. He produced no documents, he did not submit a loan application, and he did not speak to anyone at a bank regarding his intent to obtain this equity line. In fact, there is no evidence in the record showing that he took any steps to obtain this loan. Thus, the evidence is simply too speculative to support this enhancement, and the Government's objection in this regard is therefore overruled.

Turning now to Defendant's objections to the magistrate's Report, the Court concludes that none have merit. First, Defendant objects to the enhancement based upon the use of sophisticated means. The evidence presented at trial clearly demonstrates that Defendant employed his specialized knowledge of stock trading and market manipulation to effectuate the fraud. This knowledge far exceeds that of the average layperson. The fact that he may not have created shell companies to hide assets or transactions is immaterial. Defendant's objection in this regard is therefore overruled.

Defendant also objects to the enhancement based upon abuse of a position of trust. The evidence presented at trial, however, demonstrates that Defendant held himself out to investors as being an experienced trader and entrepreneur who could provide a significant return on their investment. The victims of this fraud relied on these representations and trusted that Defendant would act in their best interest. The fact that Defendant himself did not have sole control over the enterprises that comprised this fraud is immaterial. Defendant's objection in this regard is therefore overruled.

Finally, Defendant objects to the enhancement based upon his role in the offense, arguing that he only had significant contact with two other members of the conspiracy. However, Defendant "did not need to have control over every co-conspirator for § 3B1.1(a) to apply, so long as he held a leadership role and the organization involved five or more people." *United States v. Saftchick*, 335 Fed. Appx. 870, 874 (11th Cir. 2009). Moreover, the evidence at trial demonstrated that Defendant was the organizer and leader of the fraudulent activity that was the subject of this case, even if he may not have been with regard to the greater fraud that took place. Thus, Defendant's objection in this regard is therefore overruled.[1]

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1.      Judge Bandstra's Report and Recommendation (DE #139) is hereby **AFFIRMED and ADOPTED** as an Order of this Court. The Court adopts Judge Bandstra's assessment of all issues regarding the PSR, even if not specifically addressed herein

2.      Accordingly, the Court finds that the Probation Office's calculation of the offense level is correct, except with regard to the obstruction of justice enhancement. The Court finds that Defendant should not receive the two-point enhancement for obstruction of justice. Because the original offense level calculation resulted in a level of 35, deleting the obstruction enhancement results in a **new total offense level of 33**. With a criminal history category of II, this results in a new advisory guideline range of **151 to 188 months**. The Court therefore finds that this is the correct advisory guideline range.

---

[1] The Court notes that Defendant has not waived his other original objections to the PSI, even though he only provided a detailed argument for the three that are summarized here. However, the Court has reviewed all the relevant materials and has concluded that Judge Bandstra was correct in his other recommendations. Therefore, Defendant's other objections to the PSI are overruled.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 29th day of June, 2010.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE

Cc:
**Magistrate Judge Ted E. Bandstra**

**Counsel for USA**
Karen Rochlin
United States Attorney's Office
99 NE 4 Street
Miami , FL 33132
305-961-9234
Fax: 5306168
Email: karen.rochlin@usdoj.gov
ATTORNEY TO BE NOTICED

**Counsel for Defendant**
Miguel Caridad
Federal Public Defender's Office
150 W Flagler Street
Miami , FL 33130-1556
305-530-7000X153
Fax: 536-4559
Email: miguel_caridad@fd.org
LEAD ATTORNEY

**United States Probation Officer**
Nicole Lawrie